FILED
United States Court of Appeals
Tenth Circuit

April 14, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

LAWRENCE RODRIGUEZ; STEVEN
J. DURAN; GREG MIERA; ROSE
MARIE NEAL, on behalf of
themselves and other present and
former city employees,

     Plaintiffs-Appellees and Cross-
     Appellants,

v.

CITY OF ALBUQUERQUE,

     Defendant-Appellant and
     Cross-Appellee.

No. 10-2041 & 10-2042
(D.C. No. 1:07-CV-00901-JB-ACT)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE,** Chief Judge, **HOLLOWAY,** and **O'BRIEN**, Circuit Judges.

---

This is a collective action brought under 29 U.S.C. § 216(b) by current and

former employees (collectively, the Employees) of the defendant City of

Albuquerque, New Mexico (the City), alleging violations of the Fair Labor

Standards Act, 29 U.S.C. § 201 et seq. (FLSA).  The FLSA generally requires

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

employers to compensate overtime hours at one and one-half times an employee's "regular rate" of pay. The district court concluded that the City violated the FLSA by failing to include compensation for unused vacation and sick time (vacation and sick leave buy-backs) in the FLSA regular rate, and by calculating the hourly regular rate by dividing weekly compensation by hours worked rather than an employee's normal workweek. The district court also determined that the Employees were entitled to liquidated damages. Both the Employees and the City have appealed from these rulings. Exercising jurisdiction under 28 U.S.C. § 1292(b), we affirm in part and reverse in part and remand.

**I**

*Calculation of FLSA liability*

The facts and issues of this case are set forth in detail in our opinion in Chavez v. City of Albuquerque, 630 F.3d 1300 (10th Cir. 2011). The plaintiffs in the instant case brought the same claims as the Chavez plaintiffs and filed their complaint while the Chavez case was pending in the same district court, but before a different judge. The two cases were not consolidated, and the district court issued a decision in the instant case that partially conflicted with the decision that the district court entered in the Chavez case. In the instant case, the district court determined that the City violated the FLSA by failing to include vacation and sick leave buy-backs in the FLSA regular rate, and by calculating the hourly FLSA regular rate by dividing weekly compensation by hours worked

2

rather than by an employee's normal workweek. The district court in <u>Chavez</u> had ruled in the City's favor on the divisor claim.

In <u>Chavez</u>, we held that: the City's dual calculation method does not violate the FLSA; the buy-back of unused vacation time is not part of the FLSA regular rate; the buy-back of unused sick time is part of the FLSA regular rate; paid time off does not count towards the FLSA overtime threshold; when calculating the hourly regular rate, weekly compensation is to be divided by total hours worked rather than an employee's regular workweek; the City's use of a one-half multiplier does not violate the FLSA; and the City is not improperly taking credits against its FLSA liability. For the reasons we set forth in <u>Chavez</u>, the district court's decision in the instant case is reversed with respect to the inclusion of the buy-back of unused vacation time in the FLSA regular rate, and the applicable divisor. See <u>Chavez</u>, 630 F.3d at 1307-10, 1311-13. We also reverse the district court's award of liquidated damages.

## II

### *Liquidated damages*

The FLSA provides that "any employer who violates [the minimum wage or overtime provisions] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, "if in any action to recover unpaid overtime

3

compensation an employer 'shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA,' the court may refuse to award liquidated damages." Renfro v. City of Emporia, Kan., 948 F.2d 1529, 1540 (10th Cir. 1991) (quoting 29 U.S.C. § 260). A court may "eliminate or reduce the award of liquidated damages only if the employer shows both that he acted in good faith and that he had reasonable grounds for believing that his actions did not violate the [FLSA]." Id. We review an award of liquidated damages under the FLSA for abuse of discretion. Kellogg v. Energy Safety Svcs. Inc., 544 F.3d 1121, 1129 (10th Cir. 2008).

The district court ruled that the Employees were entitled to liquidated damages because the City did not change its FLSA calculations to comply with the district court decision in Chavez — a decision that we have reversed in part. In the instant case, the district court found:

> [T]he City has not proved that it had a reasonable basis to believe that it was complying with FLSA when it had the decision of a United States District Judge declaring that it was not. Simply insisting that Judge Herrera was wrong on one issue, without performing any additional research or analysis to confirm or rebut Judge Herrera's findings, dispels the reasonable basis that the City needs to avoid imposition of liquidated damages.

J.A. at 249. The district court awarded liquidated damages as to unpaid overtime accruing after the district court's decision in Chavez was issued. Id.

No court has determined if the City has any actual unpaid FLSA liability

4

under the calculation method we have just announced in <u>Chavez</u> and reiterate herein. If the City has no unpaid FLSA liability, then the Employees are not entitled to any liquidated damages. <u>See</u> 29 U.S.C. § 216(b) (authorizing liquidated damages in the amount of unpaid overtime wages). On the other hand, if the City has unpaid FLSA liability the Employees may be entitled to liquidated damages, but without a correct determination regarding the City's FLSA liability, we must reverse the district court's award of liquidated damages. Further, the district court based its award of liquidated damages on an incorrect method of calculating FLSA liability. Under an abuse of discretion review, the district court's award of liquidated damages for the vacation buy-back was made pursuant to an error of law and by definition, an abuse of discretion. <u>Koon v. United States</u>, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").

The district court's decision is affirmed in part and reversed in part. The decision is reversed with respect to the inclusion of the buy-back of unused vacation time in the FLSA regular rate, the applicable divisor when calculating the hourly regular rate, and the award of liquidated damages. This case is remanded for further proceedings.

Entered for the Court

Mary Beck Briscoe
Chief Judge

5